```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------
TODD C. BANK,

                Plaintiff,                    Transfer Order

     -against-                                20-CV-6191 (KAM)(CLP)

NEW YORK STATE DEPARTMENT OF
AGRICULTURE AND MARKETS and RICHARD
BALL in his official capacity as
Commissioner of New York State
Department of Agriculture and Markets,

                Defendants.
----------------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

Presently before the court is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), filed by defendants New York State Department of Agriculture and Markets and Richard Ball, in his official capacity as Commissioner of New York State Department of Agriculture and Markets (collectively, "Defendants"). Defendants seek to transfer this action to the United States District Court for the Northern District of New York. (*See* ECF No. 14.) For the reasons set forth below, Defendants' motion to transfer venue is GRANTED and the action shall be transferred to the United States District Court for the Northern District of New York.

## BACKGROUND

Plaintiff Todd C. Banks, Esq., proceeding *pro se*, commenced this action on December 21, 2020. (*See* ECF Nos. 1,

Complaint; 12, Amended Complaint ("Am. Compl.").)  In short, Plaintiff asserts that a New York statute that he denominated as the Hate-Symbol Act and Hate-Symbol-Amendment Act are unconstitutional because they prohibit the attaching or affixing of "symbols of hate," which are protected by the First Amendment of the Constitution, to state-owned property on state fair grounds.  (Am. Compl. at ¶¶ 6, 7, 13, 14 (referring to N.Y. Agri. & Mkts. Law § 16(51).)  Plaintiff alleges that he intends to "attend, within each of the next several years, . . . the state fair" in Syracuse, New York (the "State Fair") and "wishes that, when he attends the State Fair and is on state-owned property, he will be exposed to the widest possible range of items that are protected by the First Amendment."  (*Id*. at ¶ 11-12.)

On February 26, 2021, Defendants moved for a transfer of venue to the Northern District of New York.  (*See* ECF Nos. 14, Notice of Motion; 14-1, Memorandum in Support of Motion to Transfer Venue ("Def. Mem."); 14-2, Declaration of Scott Wyner ("Wyner Decl.").)  Plaintiff opposed the motion.  (*See* ECF No. 15, Plaintiff's Opposition to Defendants' Motion ("Pl. Mem.").)  Defendants filed a reply in response to Plaintiff's opposition. (*See* ECF No. 16, Defendants' Reply.)

**<u>Legal Standard</u>**

Under the so-called federal "venue statute," 28 U.S.C. § 1391, a particular judicial district is the proper venue for a civil action if it is: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).  Even when venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).

**DISCUSSION**

Defendants contend that venue does not lie in the Eastern District of New York and that this case should be transferred to the Northern District of New York where venue is proper.  (Def. Mem. at 5.)  In response, Plaintiff argues that the

Eastern District of New York is the proper venue and that the case should not be transferred.  (Pl. Mem. at 1.)

### I. Proper Venue under 28 U.S.C. § 1391(b)

As discussed above, venue is proper either, (1) in "a judicial district in which any defendant resides" or (2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b).  When venue is improper, the "district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

In his amended complaint, Plaintiff asserts that venue is proper in the Eastern District because Defendants reside in the Eastern District by maintaining an office at 55 Hanson Place in Brooklyn, New York (the "Brooklyn Office").  (*See* Amend. Compl. ¶ 4.)  In response, Defendants argue that the Brooklyn Office, is "an extremely limited regional satellite office that only performs tasks relating to: (1) Department programs addressing the food security of New Yorkers in the greater metropolitan area; (2) food safety and inspection, and (3) seeking compliance with the statutes concerning the preparation, labeling and sale of kosher

food." (Def. Mem. at 4-5; Wyner Decl. ¶ 6.) Defendants' other three regional offices in Long Island, New York also allegedly perform no relevant work in relation to Plaintiff's constitutional claim in this action. (*Id.* at 5.) In sum, Defendants claim that the work performed in the Eastern District is "wholly unrelated to the activities addressed and the restrictions imposed with respect to the State Fair" by the state statute Plaintiff challenges. (Wyner Decl. ¶ 12.)

The court finds that Defendants have persuasively presented facts establishing that Defendants' activities in the Eastern District of New York and the relationship of those activities to Plaintiff's claims are negligible. (*See* Def. Mem. at 3-5; *see generally* Wyner Decl.) Even if Defendants had not established that venue in the Eastern District appears to be improper under § 1391(b)(1) and (2), "[i]n the instant case, the Court elects to follow the course taken by other district courts confronted with a similar situation, which is to find that venue exists for this action, and to decide the motion based upon the doctrine of *forum non conveniens*." *Dollinger v. State Ins. Fund*, No. 98-cv-0173 (AGS), 1998 WL 321442, at *2 (S.D.N.Y. June 18, 1998). Indeed, "courts in this Circuit have found that a state official may have more than one official residence, if he maintains a satellite office in another judicial district."

*Kirk v. New York State Dep't of Educ.*, No. 08-cv-6016 (CJS), 2008 WL 819632, at *3 (W.D.N.Y. Mar. 25, 2008); *see Westchester Advocates for Disabled Adults v. Pataki*, 931 F. Supp. 993, 1002 (E.D.N.Y. 1996) ("[I]n a number of cases, the State of New York has been found to be resident in a district other than the Northern District of New York, its official residence at the state capitol on the basis of additional 'official residences.'"), *injunction vacated on other grounds* at 113 F.3d 394 (2d Cir. 1997). Accordingly, the court concludes that even assuming that venue is proper in the Eastern District because, as Defendants' concede, several regional offices are maintained by Defendants in Brooklyn and Long Island, and thus Defendants "reside[]" in the district, the case should be transferred to the Northern District of New York for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1391(b)(1) (venue is proper in "a judicial district in which any defendant resides"); 28 U.S.C. § 1404(a).

II. **Transfer in the Interest of Justice**

Whether or not venue is proper in the Eastern District of New York, however, a district court may transfer venue, pursuant to 28 U.S.C. § 1404(a), in the interest of justice, "for the convenience of parties and witnesses." *Excelsior Designs, Inc. v. Sheres*, 291 F. Supp. 2d 181, 185 (E.D.N.Y.

2003). "[M]otions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis." *Publicker Indus., Inc. v. United States*, 980 F.2d 110, 117 (2d Cir. 1992). The movant has the burden of establishing by clear and convincing evidence that transfer is warranted. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

"Deciding a motion to transfer involves a two-part inquiry: (1) whether the action could have initially been brought in the transferee court; and (2) whether the interests of justice and convenience of the parties and witnesses will be served by the transfer." *Gray v. Walgreens Boots All., Inc.*, No. 20-cv-04415 (JMA)(SIL), 2021 WL 1087696, at *1 (E.D.N.Y. Feb. 11, 2021). For the second part of the inquiry, a district court considers various factors including, *inter alia*, (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum state's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of

the circumstances. *In re Hanger Orthopedic Group, Inc. Securities Litigation*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006). "There is no strict formula for the application of these factors, and no single factor is determinative." *Myers v. Lennar Corp.*, No. 08-cv-2799 (JFB)(MLO), 2010 WL 1992200, at *3 (E.D.N.Y. May 17, 2010).

In this case, Plaintiff does not dispute that this action could have been brought in the Northern District of New York. Rather, Plaintiff contends that the Defendants fail to meet their burden of proving that transfer would promote the interests of justice and the convenience of the parties. (Pl. Mem. at 2.)

    A. <u>Venue in the Transferee Court</u>

Defendants assert that they reside in the Northern District of New York because the New York State Department of Agriculture and Markets' principal place of business and headquarters are located in Albany, New York, which is where the Department "performs substantially all of its business." (Def. Mem. at 4; *see also* Wyner Decl. at ¶ 3); *see Baker v. Holt-Harris*, No. 94-cv-2581 (MGC), 1994 WL 265940, at *1 (S.D.N.Y. June 16, 1994) ("Defendants' official residence for venue purposes is . . . where they perform their official duties."). The Division of the State Fair's administrative offices are

located in Syracuse, New York, which is also located in the Northern District. (Def. Mem. at 4; *see also* Wyner Decl. at ¶ 3.) Additionally, defendant Commissioner of the New York State Department of Agriculture and Markets Richard Ball's sole office is located in Albany. (*Id.; see also* Wyner Decl. at ¶ 4.) Finally, Defendants represent that State Fair work is principally performed at the Department's administrative offices at the State Fair grounds, located in Syracuse, and the building and premises management is also performed in Syracuse, New York. (Wynder Decl. ¶¶ 11.) Thus, except for the Plaintiff, all witnesses are located in the Northern District. Accordingly, the court finds that venue in the Northern District would be proper under 28 U.S.C. § 1391 because defendants are residents of the Northern District of New York. Moreover, and alternatively, a substantial part of the events giving rise to plaintiff's claim will occur or have occurred at the New York State Fair grounds, which is located in the Northern District of New York. *See* 28 U.S.C. § 1391(b)(2). Thus, venue would be proper in the Northern District.

  B. <u>Plaintiff's Choice of Forum</u>

  The court next considers whether the balance of convenience and justice would favor transfer. When determining whether to transfer venue, courts consider factors including,

among others: plaintiff's choice of forum; the convenience of witnesses and parties; the location of relevant documents and relative ease of access to sources of proof; and the locus of operative facts. *Debellis v. Soloman*, No. 19-cv-4408, 2019 WL 4393652, at *1 (E.D.N.Y. Sept. 13, 2019) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)). A plaintiff's choice of forum is typically due "substantial consideration," but that choice is not dispositive, and the weight afforded diminishes "where the facts giving rise to the litigation bear little material connection to the chosen forum." *Debellis*, 2019 WL 4393652, at *1 (citing *Pilot Corp. v. U.S. Robotics, Inc.*, No. 96-cv-5483, 1997 WL 47790, at *2 (S.D.N.Y. Feb. 6, 1997)).

Here, Plaintiff's choice of forum is not entitled to dispositive weight as it is undisputed that the facts giving rise to this case have minimal, if any, connection to the Eastern District. Plaintiff chose this District as he resides within, and this fact appears to be the only connection to the instant forum. (*See* Pl. Mem. at 3 ("Because Bank resides in the Eastern District, his choice of forum is entitled to 'significant weight.'").) Indeed, Plaintiff's allegations confirm that the Northern District is the proper venue because his claim is based on his "wish[] that, *when he attends the*

10

*State Fair* and is on state-owned property, he will be exposed to the widest possible range of items that are protected by the First Amendment of the United States Constitution . . . and are attached or affixed to state-owned property *on the grounds of the State Fair*." (Amend. Compl. ¶ 12 (emphasis added).) Thus, it is undisputed that the events giving rise to Plaintiff's claim occurred or will occur in the Northern District of New York. Moreover, the balance of factors discussed below similarly support transferring this case to the Northern District. *See Turner v. Trans-India Prod., Inc.*, No. 19-cv-3422 (JMA)(ARL), 2020 WL 4369634, at *1 (E.D.N.Y. July 30, 2020) ("Courts are deferential to a plaintiff's choice of forum if other factors do not weigh strongly in favor of transferring venue.").

### C. Convenience of Witnesses and Ability to Compel Attendance of Witnesses

Plaintiff argues that the convenience of witnesses and the ability to compel attendance of witnesses are neutral because he raises a purely legal question and it is unlikely that witnesses will need to testify. (Opp. at 3-4.) At this stage of the litigation, the court finds this factor to be neutral. The party seeking transfer typically submits an affidavit listing "the potential principal witnesses expected to

11

be called and . . . the substance of their testimony." *Pall Corp. v. PTI Techs., Inc.*, 992 F. Supp. 196, 198 (E.D.N.Y. 1998) (internal citations omitted). At present, Defendants have not identified any witnesses that they intend to call, and Plaintiff asserts that he does not plan to call any witnesses. (Pl. Mem. at 3-4.) Thus, this factor is neutral.

### D. Locus of Operative Facts and Access to Proof

"The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer." *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-cv-3826 (MKB), 2015 WL 5579872, at *9 (E.D.N.Y. Sept. 22, 2015) (internal quotation marks omitted); *Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp. 2d 313, 325 (E.D.N.Y. 2010). "To ascertain the locus of operative facts, courts look to 'the site of the events from which the claim arises.'" *Zaltz v. JDATE*, 952 F.Supp.2d 439, 460 (E.D.N.Y. 2013) (quoting *800—Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 134 (S.D.N.Y. 1994)). "Courts generally accord less deference to a plaintiff's choice of forum when the forum does not have a strong connection with the locus of operative facts." *Charles v. Nationwide Mut. Ins. Co., Inc.*, No. 09-cv-0094 (ARR)(CLP), 2010 WL 11627494, at *2 (E.D.N.Y. Apr. 1, 2010).

Defendants argue, and this court agrees, that the locus of operative facts weighs in favor of transfer because the State Fair is located in the Northern District. (Def. Mem. at 7.) Plaintiff argues that the locus of operative facts is neutral because this action involves a purely legal issue, making the location of the fairgrounds irrelevant. (Pl. Mem. at 4.) Plaintiff further argues that the location of documents and sources of proof are neutral because the only relevant documents are the Hate-Symbol Act itself and any corresponding regulations, which are all publicly accessible. (*Id.*)

Here, as discussed above, the location where Plaintiff intends to attend the State Fair and thus be subject to the alleged constitutional violation is relevant to the Court's inquiry. Persons with knowledge about the implementation and operation of the challenged state law at the New York State Fair grounds appear to be located in the Northern District of New York, as set forth in defendants' motion. It is undisputed that the State Fair grounds are located in the Northern District, and similarly undisputed that Defendants have offices in the Northern District. *See supra* Section II.A. Therefore, the Northern District is likely to be the locus of many of the operative facts in this case. For these reasons, this factor weighs strongly in favor of transfer to the Northern District.

13

### E. Convenience of Parties

Plaintiff argues that because he resides in the Eastern District, he would be inconvenienced if the case was transferred to the Northern District. (Pl. Mem. at 3.) Plaintiff, however, fails to demonstrate that transfer to the Northern District would cause undue hardship, rather than inconvenience. *See Goodall*, 2019 WL 4805029, at *3. Plaintiff's residence in the Eastern District would make litigating this case somewhat inconvenient for Plaintiff, but he is "not entitled to an inconvenience-free litigation." *Id*. Although a transfer is not proper under § 1404 if it merely shifts the inconvenience, the court finds it would be more inconvenient for Defendants to defend the action in the Eastern District than it would be for Plaintiff to maintain his action in the Northern District of New York. According to Defendants' sworn declaration, the State Fair operations are principally performed at the Department's administrative offices at the State Fairgrounds, located in Syracuse, New York. (Wyner Decl. ¶ 11.) Moreover, building and premises management is performed in Syracuse, and administrative support and management oversight is performed in Albany. (*Id.*) Thus, although the court recognizes that Plaintiff's claim is a constitutional challenge, to the extent documents or witnesses relevant to the

14

implementation of the state statute are required in the litigation, such evidence would be primarily found at the State Fair departments located in the Northern District. For these reasons, this factor weighs in favor of transfer.

### F. Relative Means of the Parties

Plaintiff argues that the relative means of the parties weigh in favor the Eastern District of New York. (Def. Mem. at 3-4.) A party opposing transfer because of inadequate means "'must offer documentation to show that transfer . . . would be unduly burdensome to his finances.'" *See Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 31–33 (E.D.N.Y. 2014); *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 331 (E.D.N.Y. 2006) ("A party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances." (citation and internal quotation marks omitted)). Because Plaintiff has not provided the court with any reasons or documentation showing that transfer would be financially burdensome, the court affords this factor neutral weight.

### G. Forum's Familiarity with the Governing Law

Plaintiff argues that this Court's familiarity with the governing law is neutral. (Pl. Mem. at 4.) "[T]he

15

'governing law' factor is to be accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the law of other states." *Prudential Sec. Inc. v. Norcom Dev., Inc.,* No. 97-cv-6308, 1998 WL 397889, at *6 (S.D.N.Y. July 16, 1998) (citations omitted). Here, Plaintiff's constitutional claim will be handled with equal skill by both the Northern and Eastern District; thus, this factor is neutral.

### H. Trial Efficiency, Calendar Congestion, and Interests of Justice

For the final factor, "trial efficiency and interests of justice," courts have considered whether one venue's courts "would be overburdened by the litigation in their courts." *Michael Philip Kaufman, v. Salesforce.com, Inc.*, No. 20-cv-06879 (JPC)(SN), 2021 WL 1687378, at *11 (S.D.N.Y. Apr. 29, 2021). "Although certainly not decisive, docket conditions or calendar congestion of both the transferee and transferor districts is a proper factor and is accorded some weight." *Cruz v. Borgenicht*, No. 14-cv-00679 (DLI) (RER), 2014 WL 3696207, at *5 (E.D.N.Y. July 24, 2014); *Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 695 (S.D.N.Y. 1994) ("It is also appropriate when deciding whether to transfer a case to compare the relative state of trial calendar congestion in the relevant districts.").

Here, because this case is in the early stages of litigation before any discovery has been exchanged, the court concludes that it would not be inefficient to transfer the action to the Northern District. *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 441 (S.D.N.Y. 2018) ("When a case is in its earliest stages, it is generally not inefficient to transfer the case."). Thus, the court finds that this factor weighs in favor of transfer at this early stage in the litigation.

Based on the totality of the circumstances, the interests of justice favor transfer to the Northern District of New York. This case is still in its early stages and minimal discovery has taken place. Also, as stated above, the locus of operative facts is in Northern District because the Defendants maintain offices in the Northern District and the substance of Plaintiff's constitutional claim center around his anticipated future attendance to the New York State Fair, which is located in the Northern District. Given the strong ties of operative facts to the Northern District and the minimal connection to the Eastern District, Plaintiff's choice of forum is entitled to minor deference. The remaining factors are neutral and weigh neither in favor nor against transfer. Balancing all of the factors set forth above, the court concludes that Defendants

have shown by clear and convincing evidence that the interests of justice would be best served by transferring this case to the Northern District of New York, where the State Fair giving rise to Plaintiff's claim is located.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is respectfully directed to transfer this case to the U.S. District Court for the Northern District of New York.  28 U.S.C. § 1404(a).  The Clerk of the Court shall transfer this case after expiration of the period specified in Rule 83.1 of the Local Civil Rules of the Eastern District of New York.  Defendants' motion for the pre-motion conference in contemplation of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is denied without prejudice to renew in the Northern District of New York.  (ECF No. 20.)

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:   May 20, 2021
         Brooklyn, New York