**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**TODD C. BANK,**

                      **Plaintiff,**

vs.                                                 5:21-CV-642
                                                           (MAD/ATB)

**NEW YORK STATE DEPARTMENT OF**
**AGRICULTURE AND MARKETS and RICHARD**
**BALL,** *in his official capacity as Commissioner of*
*New York State Department of Agriculture and*
*Markets*,

                      **Defendants.**

---

**APPEARANCES:**                            **OF COUNSEL:**

**TODD C. BANK, ATTORNEY AT**      **TODD C. BANK, ESQ.**
**LAW, P.C.**
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **WILLIAM E. ARNOLD, IV, AAG**
**STATE ATTORNEY GENERAL**
300 South State Street, Suite 300
Syracuse, New York 13202
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff, an attorney who is proceeding *pro se*, commenced this action in the Eastern District of New York on December 21, 2020, challenging the constitutionality of N.Y. Agri. & Mkts. Law § 16(51), known as the Hate-Symbol Act, which prohibits the sale or display of symbols of hate on the grounds of the New York State Fair and any other fairs that receive

government funding. *See* Dkt. No. 12. On May 20, 2021, the Eastern District transferred the case to this Court. *See* Dkt. No. 22.

In a February 1, 2022 Memorandum-Decision and Order, the Court granted Defendants' motion to dismiss. *See* Dkt. No. 40. Specifically, the Court found that Plaintiff's failure to identify a "willing speaker" deprived him of standing to bring a derivative First Amendment right-to-receive claim. *See id.* at 8-9. The Court further held that Plaintiff's failure to identify a willing speaker also rendered his claim unripe for adjudication because, without a willing speaker, Plaintiff's claim is speculative and there was no possibility of future injury. *See id.* at 10.

On February 4, 2022, Plaintiff moved for reconsideration of the Court's determination that he lacks standing to proceed with this action. *See* Dkt. No. 42-1. In addition, Plaintiff requests that the Court clarify whether his claim is constitutionally or prudentially unripe and that the Court remove its discussion of the merits of his claim contained in footnote number two of the Court's Memorandum-Decision and Order. *See id.*

As set forth below, Plaintiff's motion for reconsideration and clarification is denied.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the Court refers the parties to its February 1, 2022 Memorandum-Decision and Order. *See* Dkt. No. 40 at 2-3.

## III. DISCUSSION

**A.     Standard of Review**

*1. Motions for Reconsideration*

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such

2

motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'Ship*, 182 B.R. at 3 (citation omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-cv-211, 2013 WL 5437370, *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)).  "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-cv-6651, 2013 WL 6662862, *1 (W.D.N.Y. Dec. 16, 2013).

### 2. Motions for Clarification

"[T]here is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'" *Frommert v. Conkright*, No. 00-cv-6311, 2017 WL 952674, *3 (W.D.N.Y. Mar. 10, 2017) (quotation omitted).  However, "[w]en a court ruling is unclear or ambiguous, the issuing court may grant the motion and provide additional clarification modifying that ruling or order after providing other parties an opportunity to respond." *Metcalf v. Yale Univ.*, No. 15-cv-1696, 2019 WL 1767411, *2 (D. Conn. Jan. 4, 2019) (citations omitted).  "Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but

3

merely to resolve alleged ambiguities in that order." *Id.* (citation omitted).  "When a ruling is unambiguous, however, clarification generally will be denied, though courts may in some circumstances provide further clarification as they see fit." *Id.* (citations omitted).

B.      **Standing to Pursue his Challenge to the Hate-Symbol Act**

In support of his motion for reconsideration, Plaintiff appears to argue that the Court misconstrued his claim as a desire to be exposed to hate symbols while attending the New York State Fair, as opposed to his true desire to know "what the 'marketplace of ideas' will produce," which the Hate-Symbol Act purportedly inhibits by precluding the display of hate symbols on state property.  *See* Dkt. No. 42-1 at 7.  In response, Defendants contend that this aspect of the motion should be denied because Plaintiff is simply seeking to re-litigate arguments already raised and considered by the Court.  *See* Dkt. No. 46 at 6.  Further, Defendants argue that Plaintiff's contention are without merit.  *See id.* at 6-7.

As Defendants correctly note, to find that a plaintiff has standing when he or she is curious as to "what the marketplace of ideas will produce" would eviscerate the "willing speaker" requirement because a plaintiff could evade it by ever-so-slightly recasting his or her claim from "I want to actually be exposed" to certain speech to "I want the opportunity to be exposed."  In either scenario, it is entirely speculative whether someone – "a willing speaker" – will actually engage in the speech at issue.  As the Court noted in its February 1, 2022 Memorandum-Decision and Order, the Second Circuit "'will not infer the existence of a willing speaker from the mere existence of the [challenged regulation], for to do so would eviscerate Article III's requirement that a party demonstrate a specific and particularized injury in fact.'" Dkt. No. 40 at 8 (quoting *Price v. Saugerties Cent. Sch. Dist.*, 305 Fed. Appx. 715, 716 (2d Cir. 2009)) (other citations omitted); *see also Bond v. Utreras*, 585 F.3d 1061, 1078 (7th Cir. 2009) ("Imagining the

existence of a willing speaker runs contrary to the Supreme Court's command that injuries-in-fact must be 'actual or imminent, not conjectural or hypothetical'") (quotation omitted).

Neither Plaintiff's instant motion, nor his opposition papers to Defendants' underlying motion, provide any citation to authority or analysis that explains how a desire "to know, to the maximum possible extent, what the 'marketplace of ideas' will produce" allows a right-to-receive claim to proceed absent a willing speaker. Accordingly, the Court denies Plaintiff's motion for reconsideration.

**C.     Constitutional or Prudential Ripeness**

Plaintiff next seeks clarification whether the Court found that Plaintiff's claim was constitutionally unripe or prudentially unripe. *See* Dkt. No. 42-1 at 8-11. In making this request, Plaintiff acknowledges that, in making this alternative holding, the Court relied on the same factual basis as for the Court's dismissal for lack of Article III standing and, therefore, it failed to present Article III standing. *See id.*

As Defendants correctly note, and Plaintiff seemingly concedes, clarification is unnecessary because the Court stated that this was an alternative holding and explicitly tied its reasoning to the fact that Plaintiff had failed to identify a willing speaker. Moreover, in a footnote at the conclusion of the decision, the Court specifically states as follows: "Since the Court is dismissing this action based on the lack of Article III standing and ripeness, the dismissal is without prejudice." Dkt. No. 40 at 11 n.3. As such, the Court denies Plaintiff's request for clarification.

**D.     Discussion of the Merits**

Finally, Plaintiff contends that the Court should not have discussed the merits of his case in a footnote because it amounts to an impermissible advisory opinion after the Court already

determined that Plaintiff lacked Article III standing. *See* Dkt. No. 42-1 at 11-12. As such, Plaintiff requests that this footnote be stricken from the Court's February 1, 2022 Memorandum-Decision and Order. *See id.*

Plaintiff's request is denied. As Defendants correctly note, the Court's discussion of the merits in this footnote amounts to mere dicta, which is non-precedential, and need not be removed. *See Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022) ("If, in making that determination, it said too much, as Gonzalez now argues, a lack of jurisdiction was not the problem. Rather, in deciding what was then a live controversy, it just made an 'unnecessary' and non-binding comment — a statement of dicta, in other words — something that courts do from time to time. ... What matters is that nothing in Article III prevented it 'from alerting' Gonzalez 'about the potential consequences that might attend proceeding with future litigation'") (quotations omitted). The footnote at issue merely alerted Plaintiff to the fact that, even if he eventually finds a willing speaker, any such case would almost certainly fail on the merits.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration and clarification (Dkt. No. 42) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 26, 2022
      Albany, New York

Mae A. D'Agostino
U.S. District Judge